**Sidney KAUFFMAN and
Sheila Kauffman**

v.

**AETNA CASUALTY AND SURETY CO.**

**Civ. No. 91–4450.**

United States District Court,
E.D. Pennsylvania.

June 17, 1992.

---

138

Edward F. Chacker, Sayde J. Ladov, Philadelphia, Pa., for plaintiffs.

John Mirabella, Beverly Knightly, White & Williams, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, Senior District Judge.

In this action, plaintiffs Sidney and Sheila Kauffman seek to recover, pursuant to 42 Pa.C.S.A. § 8371 (Purdon's Supp.1991), for the alleged bad faith conduct of defendant Aetna Casualty and Surety Company (Aetna) during the course of previous litigation between the same parties in this court. Jurisdiction is based on diversity of citizenship. Aetna has moved for summary judgment. For the reasons discussed below, this motion will be granted.

### I. Facts

To succeed on a motion for summary judgment, a moving party must establish that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Where, as here, the controversy over the motion focuses on the existence of a genuine issue of material fact, the moving party is initially responsible for identifying those portions of the factual record which it believes establish that there are no issues of material fact. Once the moving party has done so, the opposing party must demonstrate, by reference to affidavits, depositions, answers to interrogatories, or admissions, that a triable issue of fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In deciding a motion for summary judgment, the court is required to view the facts and draw inferences in a light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The court need not accept the non-moving party's legal conclusions, however. In accordance with this standard, the following are the relevant facts on this motion for summary judgment.

The previous litigation between these parties arose out of plaintiffs' claim for underinsured motorist benefits under a policy with Aetna. The policy provided for a limit of $500,000 for underinsured motorist benefits; plaintiffs contended that they should be permitted to stack their limits and recover a total of $1,000,000. Aetna brought a declaratory judgment action in this court, seeking a declaration that stacking of underinsured motorist benefits was not permitted under Pennsylvania law. On January 4, 1991, I granted summary judgment in favor of the Kauffmans, concluding that Pennsylvania law required stacking, and ordering the parties to proceed to arbitration under the terms of the insurance policy. Aetna filed a motion with the Third Circuit to stay the arbitration pending its appeal. At the same time, Aetna offered the Kauffmans $500,000 without prejudice to their right to the remaining amount of their claim; the Kauffmans accepted. Upon denial of the motion for a stay, the parties proceeded to arbitration. The arbitration panel awarded the Kauffmans $950,000. Aetna then moved to vacate the arbitration award, arguing that the arbitrators had decided a legal issue, the propriety of stacking, that was before the Third Circuit. I denied the motion without prejudice to Aetna's right to refile after the resolution of its appeal. Meanwhile, in state court, the Kauffmans filed a petition to confirm the arbitration award. Aetna responded that the petition was premature, as it was filed less than thirty days after the arbitrators announced their award. The state court agreed, denying the petition to confirm with leave to refile when the thirty days had passed.

On May 31, 1991, the Third Circuit affirmed this court's ruling on the stacking issue. *See Aetna Casualty & Sur. Co. v. Kauffman*, 935 F.2d 1280 (3d Cir.1991). On June 17, the first business day after the expiration of the time in which Aetna could petition for rehearing *en banc*, Aetna paid the remaining $450,000 it owed to the Kauffmans under the arbitration award.

### II. Legal analysis

■ There is no common law remedy in Pennsylvania for bad faith on the part of

insurers. *See D'Ambrosio v. Pennsylvania Nat'l Mut. Casualty Ins. Co.*, 494 Pa. 501, 431 A.2d 966 (1981). In 1990, however, the Pennsylvania legislature created a statutory remedy, which became effective on July 1, 1990. That statute, codified at 42 Pa.C.S.A. § 8371, provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> > (1) award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus three percent.
> >
> > (2) award punitive damages against the insurer.
> >
> > (3) assess court costs and attorneys' fees against the insurer.

Aetna raises four grounds for its motion for summary judgment; these will be discussed in turn.

■ First, Aetna claims that section 8371 does not create an independent cause of action, but merely allows a court to provide an additional remedy if it determines that an insurance company has acted in bad faith during the course of litigation before it. While this argument is a plausible one, it appears contrary to the emerging jurisprudence under section 8371, which treats section 8371 as creating a cause of action rather than simply an additional remedy. *See, e.g., Lombardo v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 91–0793, 1992 WL 41643, at *5, 1992 U.S.Dist. LEXIS 3364, at *14 (E.D.Pa. March 2, 1992). Moreover, this case presents an unusual situation in that plaintiffs allege bad faith, not in the pre-litigation handling of their claim, but in conduct that occurred during the pendency of litigation, at a stage when Aetna's declaratory judgment action was before the Third Circuit. It is not clear whether the Kauffmans could have sought a remedy for bad faith in that litigation. I therefore reject Aetna's argument.

■ Second, Aetna argues that plaintiffs' claim for underinsured motorist benefits was not an "action arising under an insurance policy," and that plaintiffs have therefore failed to allege bad faith in an action arising under an insurance policy. Again, I reject Aetna's argument. Section 8371 provides for an award of punitive damages for bad faith on the part of an insurer in an action arising under an insurance policy; this does not mean, however, that the bad faith itself must have occurred during the pendency of an action. In any event, the argument is unavailing because Aetna's bad faith conduct is clearly alleged to have occurred during the pendency of Aetna's declaratory judgment action, which qualifies as an "action arising under an insurance policy."

■ Third, Aetna argues that even though plaintiffs allege conduct occurring after July 1, 1990, which was the effective date of section 8371, application of section 8371 to the present case would be retrospective and therefore improper because the insurance policy was in existence before July 1, 1990. I have previously rejected this argument, *see American Franklin Life Ins. Co. v. Galati*, 776 F.Supp. 1054, 1063–64 (E.D.Pa.1991), and Aetna has failed to persuade me that departure from the reasoning set forth in *American Franklin* is warranted in the present case.

Finally, Aetna argues that the undisputed facts in this case do not establish a claim for bad faith. Plaintiffs appear to allege three separate categories of bad faith acts: (1) Aetna's insistence on proceeding to arbitration, rather than tendering the $1 million limit under the policy, after this court's decision of January 4, 1991, on the stacking issue; (2) Aetna's opposition to plaintiffs' motion to confirm the arbitration award in state court; and (3) Aetna's refusal to pay the remaining amount of the arbitration award until the Third Circuit rendered its decision on the stacking issue.

■ I conclude that, on the record as it exists for the purposes of this motion for summary judgment, Aetna's decision to proceed to arbitration, rather than to settle with plaintiffs for the stacked $1 million

limit, cannot give rise to a claim for bad faith. The insurance policy under which plaintiffs sought benefits contained an arbitration clause that read as follows:

If we and a covered person do not agree:

1. Whether that person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle; or

2. On the amount of payment that may be owed under this insurance;

the matter shall be arbitrated upon written request of either party. In this event, arbitration shall be conducted in accordance with the rules of the American Arbitration Association.

Motion for summary judgment, exhibit F. Plaintiffs contend that Mr. Kauffman's injuries were so severe that Aetna should have waived its contractual right to arbitration and simply tendered $1 million. Aetna, for its part, contested plaintiffs' claimed loss of future wages before the arbitrators. The arbitrators then awarded less than the full $1 million stacked limit, albeit only $50,000 less. The arbitrators' decision belies plaintiffs' contention that they were plainly entitled to the full amount which their policy provided as a limit. Under these circumstances, no reasonable factfinder could conclude that Aetna's decision to proceed to arbitration constituted bad faith.

■ Likewise, Aetna's opposition to plaintiff's state court petition to confirm the arbitration award may not give rise to a claim of bad faith. Aetna opposed the petition, not on the merits, but on procedural grounds, claiming that the petition had been filed under an improper civil number and that, under Pennsylvania law, the motion was premature. The state court determined that the second ground for opposition had merit, and dismissed the petition. Plaintiffs have failed to suggest any way in which Aetna's duties towards its insureds required Aetna to accede to procedural deficiencies in an action against it.

■ Finally, Aetna's failure to pay the full amount of the arbitration award cannot give rise to a claim of bad faith. Aetna's conduct in the wake of this court's ruling on the stacking issue was as follows: (1) As it had since the previous July, Aetna tendered $500,000, an amount to which it agreed the Kauffmans were entitled even in the absence of arbitration, without prejudice to the Kauffmans' right to recover a larger amount. (2) Aetna proceeded to arbitration in accordance with its rights under the insurance policy. (3) When the Kauffmans filed a procedurally defective petition in state court to confirm the arbitration award, Aetna opposed the petition by noting its procedural deficiencies. (4) Aetna moved in this court for an order to vacate the arbitration award. That motion, while premised on a legally tenuous theory, is insufficient, standing alone, to give rise to an action for bad faith. (5) Almost immediately after the expiration of the time in which Aetna had the right to petition the Third Circuit for rehearing, Aetna paid the Kauffmans the full amount of the arbitration award.

There is simply nothing in this course of conduct from which a reasonable factfinder could conclude that Aetna acted in bad faith. Indeed, had Aetna acted in conformity with plaintiffs' proposed standard of conduct, Aetna would have placed itself in a potentially precarious position. Aetna's action in this court was for declaratory judgment on a purely legal issue, not for an actual determination of what amount was owed to plaintiffs. There is no doubt that Aetna was entitled to bring this action and was entitled to appeal the adverse determination of this court to the Court of Appeals. Having brought that appeal, if Aetna had permitted the arbitration award to become final by paying the amount of the award, it is open to question whether Aetna could have recovered the excess amount had the Third Circuit ultimately decided the stacking issue in Aetna's favor.

Plaintiffs rely on two decisions of the Pennsylvania courts to support their claim that Aetna breached its duty of good faith in this case. *See Cowden v. Aetna Casualty and Sur. Co.*, 389 Pa. 459, 134 A.2d 223 (Pa.1957); *Shearer v. Reed*, 286 Pa.Super. 188, 428 A.2d 635 (1981). Neither case,

however, supports plaintiffs' position. Both *Cowden* and *Shearer* involved third-party claims against the insured. In both cases, the insurer, controlling the conduct of litigation pursuant to the insurance policy, refused to settle the third-party claims for the policy limit; the third party subsequently recovered an amount above the policy limit. In concluding that the insurer had breached its duty of good faith, the courts focused on the peculiarities of the agency relationship created when an insurer controls an insured's defense against a third-party claim. *See Cowden*, 389 Pa. 459, 134 A.2d at 228; *Shearer*, 286 Pa.Super. 188, 428 A.2d at 638. Nothing in either decision purported to establish the scope of an insurer's duty of good faith when the insured sought to recover benefits directly from the insurer.

Because it appears that no genuine issue of fact exists, summary judgment in Aetna's favor is mandated. Aetna's motion will therefore be granted.