## Holmes v. SEPTA

*Frederic I. Weinberg,* for plaintiffs.
*Michael A. Hamilton* and *Jennifer M. McHugh,* for defendant.

ALLEN, *J.,* June 25, 2003—

## PROCEDURAL HISTORY

On October 23, 2003, defendant Southeastern Pennsylvania Transportation Authority (SEPTA) filed a motion for judgment on the pleadings, to which plaintiffs filed a timely response. On December 20, 2002, this court denied SEPTA's motion with prejudice. This opinion is in response to SEPTA's appeal of that order.

## FACTS

This action arises out of plaintiffs' allegation that SEPTA acted in bad faith while handling plaintiffs' first-party and uninsured motorist benefits. SEPTA may raise the following issues on appeal:[1]

• Whether the court erred when it held that SEPTA is not clearly entitled to the defense of sovereign immunity when SEPTA, a mass transportation agency, acted as an insurer;

• Whether the court erred in finding that limitations on damages is not grounds for dismissal of the Bad Faith Statute, 42 Pa.C.S. §8371;

• Whether the court erred in finding that plaintiffs' claims were not barred by Pa.R.C.P. 1020(d) as the trans-

---

1. SEPTA did not file a statement of matters complained of in accordance with Pa.R.A.P. §1925(b).

action upon which this suit is based differed from that of the original suit;

• Whether the court erred in not dismissing plaintiffs' cause of action based on the parties' dispute of the application of the statutory term "insurer."

• Whether the court erred in finding that the law is not clear as to whether a special relationship existed between the self-insurer and the injured party so as to invoke a cause of action for breach of good faith and fair dealing.

## DISCUSSION

### A. *Legal Standards for Judgment on the Pleadings*

Pennsylvania Rules of Civil Procedure provide that "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). In ruling on a motion for judgment on the pleadings, the court should confine itself to the pleadings: complaint, answer, reply to new matter and any documents or exhibits properly attached therein.

Judgment on the pleadings may be granted "where, on the facts averred, the law says with *certainty* that no recovery is possible." *Lindstrom v. City of Corry,* 563 Pa. 579, 583, 763 A.2d 394, 396 (2000) (emphasis added); *Ridge v. State Employees' Retirement Board,* 690 A.2d 1312, 1314 n.5 (Pa. Commw. 1997). (citations omitted) This court accepted as true all well-pleaded facts of the non-moving party and considered only those facts not at issue. See *Singer v. School District of Philadelphia,* 99 Pa. Commw. 553, 513 A.2d 1108 (1986); *Mellon Bank v.*

*National Union Insurance Co. of Pittsburgh,* 768 A.2d 865, 868 (Pa. Super. 2001). This court determined that the law is not as clearly defined as defendant would have this court conclude. The issues raised by the defendant's motion simply are not that clear-cut. Accordingly, said motion was denied.

**B.** *Whether the Court Erred When It Held That SEPTA Is Not Clearly Entitled to the Defense of Sovereign Immunity When SEPTA, a Mass Transportation Agency, Acted As an Insurer*

Pennsylvania's sovereign immunity provides protection to "the Commonwealth, and its officials and employees *acting within the scope of their duties.*" 1 Pa.C.S. §2310. (emphasis added) SEPTA is an agency of the Commonwealth responsible for the mass transportation system in Philadelphia and its neighboring counties and is entitled to sovereign immunity when acting within the scope of its duties. See 74 Pa.C.S. §1711. With respect to insurance, SEPTA must provide insurance, self insured or otherwise, against any risks or hazards. 74 Pa.C.S. §1741(10). Based on the facts presented, this court cannot hold, with the requisite certainty, that the handling of plaintiffs' insurance claims fell within SEPTA's scope of duties thus entitling it to sovereign protection.

**C.** *Whether the Court Erred in Finding That Limitations on Damages Is Not Grounds for Dismissal of the Bad Faith Statute, 42 Pa.C.S. §8371*

Pennsylvania's General Assembly created the bad faith statute to provide first-party beneficiaries with a remedy

against a company that engages in bad faith conduct when processing claims. 42 Pa.C.S. §8371. The statute provides a number of remedies including interest on the amount of the claim, punitive damages, and/or court costs and attorney fees.

SEPTA argues that, as a governmental entity, it cannot be held liable for punitive damages. *Feingold v. SEPTA*, 512 Pa. 567, 517 A.2d 1270 (1986). While this is certainly true, there is no mandate which requires the court, in an appropriate case, to award only punitive damages under a bad faith claim. See *Collins v. Allstate Indemnity Co.*, 426 Pa. Super. 197, 626 A.2d 1162 (1993). SEPTA, as a governmental entity, is not shielded from *all* remedies available under the bad faith statute.

### D. *Whether the Court Erred in Finding That Plaintiffs' Claims Were Not Barred by Pa.R.C.P. 1020(d) As the Transaction Upon Which This Suit Is Based Differed From the Original Suit*

Defendant asserts an affirmative defense pursuant to Pa.R.C.P. 1020(d)(1). Pennsylvania Rule of Civil Procedure 1020(d)(1) provides that when "a transaction or occurrence gives rise to more than one cause of action against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person.

A bad faith claim is a separate cause of action and differs from a claim for first-party benefits and uninsured motorist benefit. In a first-party benefits action, the plaintiff must prove injuries and medical expenses related to injuries sustained in the accident. In an uninsured mo-

torist benefit action, the plaintiff must prove that the party causing the injury is uninsured and that the injuries are related to the accident. In a bad faith action, the plaintiff must prove frivolous or unfounded refusal to pay, lack of investigation into the facts, or a failure to communicate with the insured. *Romano v. Nationwide Mutual Fire Insurance Co.,* 435 Pa. Super. 545, 553, 646 A.2d 1228, 1232 (1994). Consequently, Pa.R.C.P. 1020(d) is inapplicable to this action.

### E. *Whether the Court Erred In Not Dismissing Plaintiffs' Cause of Action Based on the Parties' Dispute of the Statutory Term "Insurer"*

The Bad Faith Statute, 42 Pa.C.S. §8371, uses the term "insurer." The dispute goes to the interpretation of this term. SEPTA asserts that the term "insurer" is specific and applies only to insurers, not self-insurers. Plaintiffs assert that the term is general and includes self-insurers. "If the meaning of the language of a statute is doubtful or if it was doubtful as to whether or not the act affected a party to the proceedings, we would then have a question of fact which would have to be determined upon trial." *David v. Veitscher Magnesitwerke Actien Gesellschaft,* 348 Pa. 335, 343-44, 35 A.2d 346, 350 (1944). Therefore, judgment on the pleadings was correctly rejected based on this issue.

*F. Whether the Court Erred in Finding That the Law Is Not Clear As To Whether a Special Relationship Existed Between the Self-Insurer and the Injured Party So As To Invoke a Cause of Action for Breach of Good Faith and Fair Dealing*

A cause of action for breach of good faith and fair dealing under an insurance policy may be maintained only if there is privity of contract between the insured and the insurer. *Johnson v. Beane,* 541 Pa. 449, 664 A.2d 96 (1995). A fact-finder must determine whether privity existed between the self insurer, SEPTA, and the injured party, plaintiffs. Neither parties identified cases in which this issue was addressed. Cases cited by the defendants address third-party beneficiaries, not first-party beneficiaries.[2]

Plaintiffs allege privity under an implied contract theory. "Where unjust enrichment is found, the law implies a contract, which requires the defendant to pay to the plaintiff the value of the benefit conferred." *Schenck v. K.E. David Ltd.,* 446 Pa. Super. 94, 666 A.2d 327 (1995). Evidence of unjust enrichment are "benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Id.* See also, *Ameripro Search Inc. v. Fleming Steel Co.,* 787 A.2d 988, 991 (Pa. Super. 2001); *Mitchell v. Moore,* 729 A.2d 1200 (Pa. Super. 1999).

---

2. Here plaintiffs identify themselves as first-party beneficiaries and SEPTA does not dispute this assertion.

Plaintiffs' position is that SEPTA was unjustly enriched by the use of plaintiffs' property. Whether the withholding of insurance funds constitutes unjust enrichment is a factual question to be determined at trial.

## CONCLUSION

Because the court could not find "with certainty" that no recovery is possible, this court's December 27, 2002 order denying defendant's motion for judgment on the pleadings was well-founded and should not be reversed.