**David MacFARLAND and Denise MacFarland, his wife, Plaintiffs,**

v.

**UNITED STATES FIDELITY & GUARANTEE COMPANY, Defendant.**

Civ. A. No. 92–2043.

United States District Court,
E.D. Pennsylvania.

April 7, 1993.

Michael Yanoff, Lansdale, PA, for plaintiffs.

John S. Anooshian, White & Williams, Philadelphia, PA, for defendant U.S. Fidelity & Guar. Co.

Mitchell Goldberg, Philadelphia, PA, for defendant R.F. Stumpf Assoc.

## MEMORANDUM

JOYNER, District Judge.

Plaintiffs, David and Denise MacFarland, filed this breach of insurance contract action in the Court of Common Pleas of Montgomery County on March 11, 1992 against defendant, United States Fidelity & Guarantee Company ("USF & G"), seeking insurance proceeds for the loss of their boat, a 1982 thirty-two foot fiberglass hateras sport fisherman, and a claim for bad faith. The matter was subsequently removed to this court based on diversity of citizenship. 28 U.S.C. § 1332; 28 U.S.C. § 1441.

Presently before the court are the motions of USF & G for separate trials, for partial summary judgment and to withdraw the jury trial demand. For the reasons which follow, we will grant the partial summary judgment motion in part, deny the motion to withdraw the jury trial demand and grant the motion for separate trials in part.

A. *Motion for Partial Summary Judgment*

USF & G urges the court to dismiss Counts III and IV of plaintiffs' complaint on the grounds that this court does not have jurisdiction to entertain the claims because the Unfair Insurance Practices Act ("UIPA"), 40 Pa.S.A. § 1171.1 *et seq.* and the Pennsylvania Insurance Department and Commissioner Regulations cannot be enforced in a private action. Accordingly, defendant argues, because plaintiffs are using the UIPA provisions and the regulations as a basis for their direct claims of bad faith conduct under 42 Pa.C.S.A. § 8371 and violations of the Unfair Trade Practices and Consumer Protection Laws ("UTPCPL"), 73 Pa. S.A. § 201–1 *et seq.*, we cannot entertain these claims.

In considering a motion for summary judgment, the court must consider whether the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact, and whether the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). This court is required to determine whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In making this determination, all reasonable inferences must be drawn in favor of the nonmoving party. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2512. While the movant bears the initial burden of demonstrating an absence of genuine issues of material fact, the nonmovant must then establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990) *citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

■ USF & G correctly state that the UIPA and the Department of Insurance regulations can only be enforced by the state insurance commissioner and not by way of a private action. *Lombardo v. State Farm Auto. Ins. Co.,* 1992 WL 41643, *3 (E.D.Pa. 1992) *citing Liberty Mut. Ins. Co. v. Paper Mfg. Co.,* 753 F.Supp. 156, 159 (E.D.Pa.1990); *Nazer v. Safeguard Mut. Assur. Co.,* 293 Pa.Super. 385, 439 A.2d 165, 166 (1981). In *Lombardo,* Judge Huyett held that a plaintiff "cannot assert a UIPA violation as grounds for recovery under another theory like the [UTPCPL], 42 Pa.C.S.A. § 8371, or common law theories" because in order to determine liability under the alternate theory, the court would be required to determine if the UIPA had been violated—a matter beyond a court's jurisdiction. 1992 WL 41643 at *3.

In this case, Count III of plaintiffs' complaint alleges that USF & G's conduct, as specifically enumerated in paragraphs 29(A) through 29(I), violated the UIPA (¶ 29) and the regulations promulgated by the Insurance Department (¶ 30) and constitutes bad faith (¶ 31). While we agree that plaintiffs do not have causes of actions under the UIPA and the regulations, the alleged conduct constituting violations of the UIPA and the regulations can be considered in determining whether USF & G acted in bad faith. *Rottmund v. Continental Assurance Co.,* 813 F.Supp. 1104 (E.D.Pa.1992) (courts may look to other statutes upon the same or similar subjects to define bad faith under § 8371); *Coyne v. Allstate Ins. Co.,* 771 F.Supp. 673, 678 (E.D.Pa.1991) (provisions of UIPA can be utilized to describe conduct constituting bad faith).

In *Lombardo,* even though the plaintiff argued that she cited the UIPA only as basis for measuring the defendant's bad faith conduct, her claim was dismissed but she was granted leave to replead her bad faith claim. 1992 WL 41643. This case appears to mirror *Lombardo.* However, a significant difference between these two cases is that the *Lombardo* case was before the court on a motion to dismiss and this case comes to us upon a motion for summary judgment. If USF & G felt that the allegations in the complaint were so vague that it could not frame a response, it could have moved to dismiss the claim or to require a more definite statement prior to filing its answer. USF & G has not argued, except albeit in a footnote [1], that the results of the discovery

---

1. Defendant states in a footnote that the evidence

does not establish bad faith conduct. As support,

process require judgment as a matter of law against the plaintiffs on their bad faith claim. Rather, USF & G urges this court to find that plaintiffs have failed to state a claim upon which relief may be granted. Furthermore, as exhibits to its motion for summary judgment, USF & G has attached no more than the complaint and answer. As USF & G has waited until this late moment to raise this argument, we find that the complaint has put the defendant sufficiently on notice of the claims against it. Accordingly, the parties must proceed to trial on the bad faith issue.

■ In Count IV of the complaint, plaintiffs allege that the same conduct violated the UTPCPL. While a UTPCPL cause of action may be maintained even if the underlying conduct falls within the ambit of another statute, such as the UIPA, *Mabel v. The Equitable Life Assur. Soc.*, 1992 WL 151781 (E.D.Pa.1992) and *Pekular v. Eich*, 355 Pa.Super. 276, 513 A.2d 427, 434 (1986), the UTPCPL provides relief for misfeasance rather than nonfeasance. *Gordon v. Pennsylvania Blue Shield*, 378 Pa.Super. 256, 548 A.2d 600, 604 (1988). Failure to pay under an insurance contract constitutes nonfeasance. *Id.; see McAlister v. Sentry Insurance Company*, 1991 WL 102973 (E.D.Pa. 1991). Accordingly, plaintiffs Count IV must be dismissed.

### B. *Request to Withdraw Jury Trial Demand*

USF & G has requested that the jury trial demand be withdrawn. USF & G argues that because this action involves a marine insurance policy, this court's admiralty jurisdiction is invoked and under 28 U.S.C. § 1333 a party can elect to proceed in admiralty rather than at law. Thus the right to a trial by jury is not implicated. This argument is spurious.

The basis for admiralty jurisdiction is set forth in 28 U.S.C. § 1333, which provides:

> The district court shall have original jurisdiction, exclusive of the courts of the United States, of:

USF & G attached answers to interrogatories to the motion for summary judgment. However, because this argument has been relegated to foot-

> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

This is what is known as the "savings-to-suitors" clause. According to this clause, when a plaintiff or suitor files an action which sets forth jurisdictional bases of admiralty and federal question or diversity, the plaintiff has the option of pursuing that claim pursuant to either the admiralty rules or the rules of civil procedure. The most significant procedural distinction between the two sets of rules is that under the civil rules either party may demand a jury trial, while in an admiralty action there is no right to jury trial except as provided by statute. *Wilmington Trust v. U.S. Dist. Court*, 934 F.2d 1026, 1029 (9th Cir.1991); Fed.R.Civ.P. 38(e); Fed. R.Civ.P. 9(h) Advisory Committee Notes on 1966 Amendment.

■ Rule 9(h) of the Federal Rules of Civil Procedure sets forth the procedural mechanism for invoking admiralty or civil jurisdiction:

> A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim ... If the claim is cognizable only in admiralty, it is an admiralty or maritime claim for those purposes whether so identified or not.

Thus, where the complaint sets forth dual bases of jurisdiction, if the plaintiff wishes to proceed under admiralty jurisdiction the complaint must contain an identifying statement so indicating. *Truehart v. Blandon*, 685 F.Supp. 956 (E.D.La.1988); *Vassalos v. Hellenic Lines, Ltd.*, 482 F.Supp. 906 (E.D.Pa.1979); 5 Wright & Miller, *Federal Practice & Procedure 2d*, § 1313. In this case, plaintiffs' complaint does not allege that this case is governed by this court's admiralty jurisdiction. Furthermore, USF & G's notice of removal was premised upon diversity of citizenship, not admiralty jurisdiction.

note status by the defendant itself, we do not see the need to address this argument or to consider the exhibit attached in support thereof.

The savings-to-suitors clause evolved from the concern that the merger of admiralty courts and the courts of law had the potential to deprive litigants of their Seventh Amendment right to a trial by jury. Advisory Committee's Notes, *supra.* Neither the Constitution nor the rules of admiralty have ever been interpreted to create a right to a non-jury trial. *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 509–10, 79 S.Ct. 948, 956, 3 L.Ed.2d 988 (1959); *Wilmington Trust,* 934 F.2d 1026, 1029 (9th Cir.1991); *Thomson v. Prudential Property & Casualty Insurance Company,* 1992 WL 210088 (E.D.Pa.1992). Thus, USF & G's argument that it is entitled to a non-jury trial runs contrary to the admiralty rules, the civil rules and the Seventh Amendment.

■ USF & G also contends that § 8371 mandates that the issue of bad faith be conducted by way of a bench trial. However, in *Thomson,* 1992 WL 210088, this court thoroughly analyzed the effects of § 8371 on the Seventh Amendment right to a jury trial and concluded that, upon proper demand, findings regarding bad faith allegations can be determined by a jury. We continue to adhere to that finding. *See Mendel v. Home Insurance Co.,* 806 F.Supp. 1206 (E.D.Pa. 1992) (§ 8371 bad faith determination submitted to jury); *Rottmund,* 813 F.Supp. 1104 (jury determined issue of bad faith under § 8371).

### C. *Motion for Separate Trials*

Lastly, USF & G urges the court to order separate trials with the claim for breach of contract being tried to verdict before the issue relating to the bad faith. Judicial economy and efficiency dictate that we grant the request. However, rather than conduct separate trials with separate juries, we believe that the interests addressed in Fed.R.Civ.P. 42(b) would best be served by utilization of the same jury. Furthermore, as an exercise of our inherent authority to orchestrate the litigation, when presenting their bad faith claim, plaintiffs are directed to present all of their evidence in support of the substantive claims of bad faith prior to the evidence in support of damages. By proceeding in this manner, defendant will be free to move for judgment as a matter of law under Fed. R.Civ.P. 50(a) at the conclusion of the substantive evidence thereby possibly avoiding the need to present damages evidence.

An appropriate order follows.

### ORDER

AND NOW this 7th day of April, 1993 upon consideration of Defendant's Motions for Partial Summary Judgment, to Withdraw the Jury Trial Demand and for Separate Trials and Plaintiffs' responses thereto, it is hereby ORDERED that:

1. Defendant's motion for Partial Summary Judgment is GRANTED in part. Plaintiffs' claims under the Unfair Insurance Trade Practices Act and the Unfair Trade Practices and Consumer Protection Laws are dismissed.

2. Defendant's Request to Withdraw the Jury Trial Demand is DENIED.

3. Defendant's Motion for Separate Trials is GRANTED in part. The breach of contract claim will be tried to verdict. Utilizing the same jury, the bad faith claim will be tried subsequently and plaintiffs are directed to present evidence regarding bad faith prior to evidence pertaining to damages.