Anthony **PARASCO** and Tammy **Parasco, Plaintiffs,**

v.

**PACIFIC INDEMNITY COMPANY, Defendant.**

No. 94–CV–5737.

United States District Court, E.D. Pennsylvania.

Dec. 8, 1994.

James C. Plummer, Plummer & Associates, Houston, TX, Alan H. Casper, Philadelphia, PA, for plaintiffs.

Eric D. Freed, Cozen and O'Connor, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This diversity case arising under Pennsylvania law has been brought before the Court by motion of the defendant, Pacific Indemnity Company (Pacific), which seeks dismissal of Counts II and IV of the plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons that follow, the defendants' motion to dismiss is granted only to the extent that Count IV asks this Court to determine whether Pacific violated the Unfair Insurance Practices Act. In all other respects, the defendants' motion will be denied.

## I. HISTORY OF THE CASE

Plaintiffs Anthony and Tammy Parasco, husband and wife, held a homeowner's insurance policy issued by Pacific. On June 23, 1993, the Parascos' home and its contents were destroyed by fire. After an investigation, Pacific concluded that Mr. Parasco had set the fire. As a result, it refused to honor the Parascos' insurance claim. While Mr. Parasco has denied any wrongdoing, law enforcement officials apparently reached the same conclusion as Pacific, as criminal charges were brought against Mr. Parasco in March of 1994. These charges remain pending. The Parascos filed this lawsuit in September of 1994, six months after Pacific denied their insurance claim. The complaint asserts an entitlement to relief under four counts, including breach of contract, breach of the covenant of utmost fair dealing, bad faith under 42 Pa.Cons.Stat.Ann. § 8371 (Supp.1994), and violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa.Stat.Ann. §§ 201-1—201-9.2 (1993) (Consumer Protection Act). Pacific now brings this motion to dismiss under Fed.R.Civ.P. 12(b)(6) and argues that, with respect to the second and fourth counts, the Parascos have failed to state a legally cognizable claim.

## II. DISCUSSION

### A. Standards Applicable to a Rule 12(b)(6) Motion

A Rule 12(b)(6) motion is the proper method by which the legal sufficiency of a complaint is challenged. *Great W. Life Assurance Co. v. Levithan*, 834 F.Supp. 858 (E.D.Pa.1993). In making its determination, the court must accept as true all of the plaintiff's factual allegations and draw from them all reasonable inferences. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991) (citations omitted). Thus, the court will grant a Rule 12(b)(6) motion only if there are no set of facts under which the non-moving party can prevail. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). In deciding this issue, this Court will apply these standards to each of the two counts raised in Pacific's motion.

### B. Breach of Covenant of Utmost Fair Dealing

Count II of the Parascos' complaint alleges that Pacific violated the duty of utmost fair dealing that it owed to the plaintiffs. Specifically, according to the complaint, Pacific failed to conduct a fair and objective investigation into the loss, failed to pay living expenses after the dwelling became uninhabitable, and rejected the plaintiffs' proof of loss without a reasonable basis. Further, the complaint contends that Pacific advanced certain monies to the plaintiffs in an attempt to cause the plaintiffs to delay in

exercising their rights under the policy. Finally, the plaintiffs maintain that Pacific unreasonably delayed the adjustment of their claim.

Pennsylvania courts have long recognized that an insurer owes a duty of the utmost good faith to its insured. *Fedas v. Insurance Co. of Pennsylvania*, 300 Pa. 555, 151 A. 285, 286–87 (1930). Over the years, the courts in Pennsylvania have further defined the nature of this duty. In *Diamon v. Penn Mut. Fire Ins. Co.*, 247 Pa.Super. 534, 372 A.2d 1218 (1977), the court held that the duty of good faith encompasses not only the burden to investigate fairly and objectively, but also the obligation to reject claims only where good cause exists to do so. *Id.* 372 A.2d at 1226.

More recently, the Supreme Court of Pennsylvania has expanded the duty to include the obligation "of full and complete disclosure as to all of the benefits and every coverage that is provided by the applicable policy," even when such disclosure works against the insurer's interest. *Dercoli v. Pennsylvania Nat'l Mut. Ins. Co.*, 520 Pa. 471, 554 A.2d 906, 909 (1989). In *Dercoli*, the Court held that the insurer had a duty to inform the insured of recently decided case law that impacted the insured's rights. *Id.* Pacific argues that *Dercoli* defines the insurer's duty of utmost good faith and fair dealing in its entirety.[1] Nothing in the *Dercoli* decision, however, limited the nature of the duty as defined by the *Diamon* court. Indeed, the Supreme Court recognized that the *Dercoli* decision did not represent a narrowing of the nature of the duty, but was instead consistent with prior cases defining the insurer's obligation. *Miller v. Keystone Ins. Co.*, 535 Pa. 531, 636 A.2d 1109, 1113 (1994).

Thus, the *Dercoli* decision defines a specialized subset of the circumstances in which the duty applies, and not the scope of the duty in its entirety. The Parascos complaint alleges, inter alia, that Pacific failed to investigate the loss fairly and objectively and rejected the Parascos claim without good cause. These facts, if proved, constitute a breach of the insurer's duty of good faith and fair dealing. *See Diamon*, 372 A.2d at 1226 (The duty operates as "a promise by [the insurer] that it would exercise reasonable care in investigating a claim by [the insureds]. When an insured has contracted for protection against a specified loss, he is entitled to expect that a claim made under the policy will not be rejected except for good cause.") The Parascos have properly set forth a claim alleging that Pacific breached its duty of good faith and fair dealing. Accordingly, Pacific's motion to dismiss Count II will be denied.

## C. Unfair Trade Practices and Consumer Protection Law

Count IV of the Parascos' complaint alleges a violation of the Consumer Protection Act. According to the complaint, the Consumer Protection Act violation arises not only from Pacific's wrongful activity, but also from Pacific's alleged violation of Pennsylvania's Unfair Insurance Practices Act, 40 Pa. Cons.Stat.Ann. §§ 1171.1—1171.15 (1992) (UIPA). Pacific seeks the dismissal of this claim on two grounds. First, Pacific argues that courts in Pennsylvania refuse to entertain claims brought under the Consumer Protection Act that are grounded in the UIPA. Further, Pacific contends that the Parascos have failed to set forth a set of facts under which they can obtain relief under the Consumer Protection Act.

---

1. Pacific relies, to a large extent, on *Miller v. Keystone Ins. Co.*, 402 Pa.Super. 213, 586 A.2d 936 (1991), to support its argument as to the scope of the duty of good faith and fair dealing. This case has been reversed. *See Miller v. Keystone Ins. Co.*, 535 Pa. 531, 636 A.2d 1109 (1994). Rule 3.3(a)(1) of Pennsylvania's Rules of Professional Conduct prohibits a lawyer from knowingly making a false statement of law to a tribunal. While we cannot conclude that Pacific's counsel relied upon the Superior Court's decision with the knowledge that it had been reversed, we view counsel's failure to determine the validity of the premises of law advanced in his memorandum with extreme disfavor. It is incumbent upon every attorney appearing before this Court to ensure that the arguments set forth have a sound factual and legal basis. Counsel's lack of attention to detail results not only in the distortion of the presentation of the issues to this Court, but also in the needless consumption of the Court's valuable time and resources. Accordingly, Pacific's arguments that rely on the Superior Court's reversed *Miller* decision will not be considered.

■ Pacific's first argument seeks dismissal of the fourth count only insofar as it alleges a violation of the Consumer Protection Act based upon a violation of the UIPA. The argument is grounded in the Superior Court of Pennsylvania's decision in *Hardy v. Pennock Ins. Agency, Inc.*, 365 Pa.Super. 206, 529 A.2d 471 (1987). In *Hardy*, the court held that in light of the administrative remedies available under the UIPA, the court was without jurisdiction to hear cases in which violations of the UIPA had been alleged. *Id.* 529 A.2d at 478. One year later, the court expanded on this notion, holding that the court lacked jurisdiction to hear cases in which a plaintiff indirectly alleged a violation of the UIPA. *Gordon v. Pennsylvania Blue Shield*, 378 Pa.Super. 256, 548 A.2d 600, 603 (1988). In *Gordon*, as in the instant case, the plaintiffs "*indirectly* claimed a violation of the [UIPA] by presenting the [UIPA] violation as the foundation for [their] direct claim, a violation of the [Consumer Protection Act]." *Id.* The court reasoned that since the determination as to whether the insurer had violated the Consumer Protection Act would require an inquiry into whether the insurer violated the UIPA, such a claim could not be entertained by the court. *Id.*

In opposing Pacific's motion, the Parascos cite the Superior Court's recent decision in *Romano v. Nationwide Mut. Fire Ins. Co.*, 646 A.2d 1228, 1232 (Pa.Super.1994) and argue that the enactment of Pennsylvania's Bad Faith Statute, 42 Pa.Cons.Stat.Ann. § 8371 (Supp.1994), has had the effect of superseding the *Hardy* and *Gordon* decisions. In *Romano*, the Superior Court was confronted with the question of whether the standards articulated in the UIPA could be used to establish bad faith per se. The court concluded that while a trial court still "lacked the requisite jurisdiction to impose sanctions under the various provisions of the UIPA and insurance regulations," it could consider the conduct violating the UIPA to determine whether the Bad Faith Statute had been violated. *Romano*, 646 A.2d at 1233. The Parascos argue that the same principle should apply to causes of action based on the UIPA and brought under the Consumer Protection Act. We think it prudent not to take

this step. First, the Parascos do not point to any authority to support the conclusion they urge. In addition, we note that the *Romano* court turned to the UIPA to resolve an ambiguity present in the Bad Faith Statute: the statute does not provide a definition of bad faith. By contrast, the Parascos do not argue that resort to the UIPA is warranted because of an ambiguity in the Consumer Protection Act. After a careful review of the *Romano* decision, we conclude that a nugget of the *Gordon* holding remains: a trial court may not inquire as to whether a defendant has acted in violation of the UIPA. *See Romano*, 646 A.2d at 1232 ("It is clear that the UIPA and the Department of Insurance Regulations can only be enforced by the State Insurance Commissioner and not by way of private action.").

The Parascos also point to *Pekular v. Eich*, 355 Pa.Super. 276, 513 A.2d 427 (1986), *appeal denied*, 516 Pa. 635, 533 A.2d 93 (1987), to argue that a UIPA inquiry is warranted. The *Pekular* court held that an insured could maintain a cause of action under the Consumer Protection Act even when the allegations in the complaint fell within the purview of the UIPA. *Id.* But unfortunately for the Parascos, *Pekular* has no direct applicability here. While the *Pekular* court held that the UIPA is not the only means by which an insured can obtain redress for the unfair practices of insurers, the instant case presents the situation in which the plaintiffs allege that Pacific has violated the Consumer Protection Act by violating the UIPA. Thus, the Parascos ask this Court to determine whether Pacific has violated the UIPA. On this point, Pennsylvania law is clear: courts may not inquire as to whether the latter act has been violated. *Gordon*, 548 A.2d at 603. As a result, to the extent that Count IV of the Parascos' complaint alleges a violation of the Consumer Protection Act by virtue of a UIPA violation, it must be dismissed.

■ In its second argument, Pacific seeks the dismissal of Count IV in its entirety, arguing that the Consumer Protection Act affords relief for actions that constitute "misfeasance," but not for activity that can be described as "nonfeasance." *See Gordon*, 548 A.2d at 604 ("Nonfeasance alone is not

sufficient to raise a claim pursuant to the [Consumer Protection Act].").   Pacific contends that the alleged activity giving rise to the Consumer Protection Act claim is best characterized as "nonfeasance" and concludes that the Parascos have failed to state a claim under this act.

We find that Pacific's contention is without merit.   The *Gordon* court explained the distinction by noting that misfeasance is " 'an improper performance of a contracted obligation,' " while nonfeasance is " 'the mere failure to perform.' "   *Id.* (quoting *Raab v. Keystone Ins. Co.,* 271 Pa.Super. 185, 412 A.2d 638, 639 (1979), *appeal dismissed,* 496 Pa. 414, 437 A.2d 941 (1981)).   In the instant case, the Parascos' complaint contains allegations concerning Pacific's improper performance, including the allegation that the post-loss investigation was conducted in an unfair and nonobjective manner, as well as the contention that Pacific made misrepresentations concerning the nature of its contractual obligations.   *See Pekular,* 513 A.2d at 433 (misrepresentations of insurer and agent fall within the purview of the Consumer Protection Act).   Accordingly, Pacific's argument fails to convince this Court that the Parascos have failed to set forth a proper Consumer Protection Act Claim.   Count IV will therefore be dismissed only to the extent that it alleges a Consumer Protection Act violation by virtue of a UIPA violation.

## III.   *SUMMARY AND CONCLUSION*

Because the Parascos have properly set forth a claim alleging a breach of the insurer's duty of utmost good faith and fair dealing, Pacific's motion to dismiss count II will be denied.   Further, Count IV will be dismissed only to the extent that it asks this Court to determine whether Pacific has violated the Unfair Insurance Practices Act.   An appropriate order follows.

### *ORDER*

AND NOW, this 8th day of December, 1994, upon consideration of the Defendant's Motion to Dismiss Counts II and IV of the Complaint, it is hereby ORDERED, for the reasons set forth in the preceding memorandum, that the Defendant's Motion is GRANTED only to the extent that the Complaint alleges a Consumer Protection Act violation by virtue of a violation of the Unfair Insurance Practices Act.   In all other respects, the Defendant's Motion is DENIED.