**Richard C. SMITH and Michelle Smith, his wife, Plaintiffs,**

**v.**

**NATIONWIDE MUTUAL FIRE INSURANCE COMPANY and Nationwide Mutual Insurance Company and Nationwide Property and Casualty Insurance Company and Nationwide Insurance Companies, Defendants.**

**Civil Action No. 95–135 Erie.**

United States District Court, W.D. Pennsylvania.

Feb. 20, 1996.

Paul D. Shafer, Jr., Jeffrey K. Millin, Shafer, Swick, Bailey, Irwin & Stack, Meadville, PA, for plaintiff.

C. Peter Hitson, Pietragallo, Bosick & Gordon, Pittsburgh, PA, Scott G. Dunlop, Patricia A. Monahan, Marshall, Dennehey, Warner, Coleman & Goggin, Pittsburgh, PA, for defendants.

## *MEMORANDUM OPINION*

McLAUGHLIN, District Judge.

Presently pending before this Court is Defendants' motion to dismiss the Complaint in the above-captioned matter. For the reasons stated below, the motion will be granted only insofar as Plaintiffs' Count II is premised directly or indirectly on alleged violations of the Pennsylvania Unfair Insurance Practices Act, PA.STAT.ANN. tit. 40, §§ 1171.1 *et seq.* (1992), and the Unfair Claims Settlement Practices Regulations, 31 PA.CODE §§ 146.1 *et seq.*. In all other respects Defendants' motion will be denied.

## I. *BACKGROUND*

Plaintiffs Richard C. Smith and Michelle Smith filed a four count complaint against Defendants Nationwide Mutual Fire Insurance Company, Nationwide Mutual Insurance Company, Nationwide Property and Casualty Insurance Company, and Nationwide Insurance Companies as a result of an insurance contract dispute. Plaintiffs allege that they are party to a homeowner's insurance policy with Defendants, the terms of which Plaintiffs claim to have complied with fully. On or about August 8, 1994, a fire damaged a structure at their premises in Shermansville, Pennsylvania. Plaintiffs aver that they promptly notified Defendants of the loss and thereafter delivered extensive claim documentation and fully cooperated with Defendants as required by the policy.

Nevertheless, Defendants allegedly refused without legal justification or cause to negotiate promptly and fairly and/or to pay any money for the damages to Plaintiffs' structure. It is averred that Defendants breached their implied covenant of good faith and fair dealing by withholding benefits based upon the false accusation or implication that the Plaintiffs had committed arson. (Complaint, ¶ 15.) It is further alleged that Defendants acted "unreasonably and in bad faith and/or without a reasonable basis and without knowledge of, or in reckless disregard of, the facts without conducting a reasonable and prompt investigation and withholding the Plaintiffs' benefits under the policy." *Id.*

The Complaint sets forth four counts. Count I asserts a cause of action for breach of contract and demands judgment in excess of $10,000.00. Count II alleges specific violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, PA. STAT.ANN. tit. 73, §§ 201 *et seq.* (1993), the Unfair Insurance Practices Act, PA.STAT. ANN. tit. 40, §§ 1171.1 *et seq.* (1992), and the Unfair Claims Settlement Practices Regulations, 31 PA.CODE §§ 146.1 *et seq.*, and demands judgment in excess of $50,000.00. Count III asserts a claim for bad faith and seeks damages in excess of $50,000.00. Count IV asserts a cause of action for fraud and deceit and demands judgment in excess

of $50,000.00. Jurisdiction over these claims is premised upon 28 U.S.C. § 1332.[1]

Defendants have filed a motion to dismiss Counts I, II, and III of the Complaint for failure to state a claim upon which relief can be granted.[2] Additionally, Defendants move for dismissal of the entire complaint on the ground that this Court lacks subject matter jurisdiction.

## II. *STANDARD OF REVIEW*

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all allegations in the complaint and draws all reasonable inferences therefrom in the light most favorable to the Plaintiffs. *Rocks v. City of Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989). Accordingly, this Court must consider "whether relief could be granted ... 'under any set of facts that could be proved consistent with the allegations.'" *Gasoline Sales, Inc. v. Aero Oil Co.,* 39 F.3d 70, 71 (3d Cir.1994) (quoting *National Organization for Women, Inc. v. Scheidler,* 510 U.S. 249, 255–56, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994)). If no cause of action can be identified, dismissal is proper.

## III. *DISCUSSION*

### 1. *Breach of Contract Claim*

■ Plaintiffs' first count sounds in breach of contract. Defendants move for dismissal of this claim on the ground that it is premature. Specifically, Defendants state that "[t]he underlying claim has not been denied by Defendants, nor have Plaintiffs averred an [sic] denial of the underlying claim." (Def.'s Mot. to Dismiss, ¶ 9.) The Court notes, however, that Plaintiffs have alleged that "all conditions precedent to [their] right to recover under said policy of insurance have occurred." (Complaint ¶ 12.) Under Rule 8(a) of the Federal Rules of Civil Procedure, notice pleading is acceptable, requiring only that the complaint set forth (1) the grounds upon which jurisdiction depends, (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) a demand for judgment for the relief the pleader seeks. Fed.R.Civ.P. 8(a). In pleading the performance or occurrence of conditions precedent, Rule 9(c) permits the general averment that all conditions precedent have occurred. Fed.R.Civ.P. 9(c). Plaintiff's complaint comports with the requirements of Rules 8(a) and 9(c). There is no additional requirement that Plaintiffs specifically aver the Defendants' denial of their claim.

Assuming that the underlying insurance claim is indeed still pending because the parties have not yet agreed upon the amount of loss, this is an issue of fact not properly resolved on a motion to dismiss. At present, we must accept as true all of Plaintiffs' allegations, including the allegation that all conditions precedent to their recovery under the insurance contract have occurred. Defendants will have the opportunity to prove, through supporting evidentiary materials, the present pendency of Plaintiffs' insurance claim. However, that issue is more appropriately addressed by way of a motion for summary judgment.[3] The Court will therefore deny Defendants' motion to dismiss Count I.

### 2. *Statutory Violations Claim*

■ Plaintiffs' second count purports to state various violations of the Pennsylvania Unfair Trade Practices and Consumer Pro-

---

1. Title 28 U.S.C. § 1332 states in relevant part:
   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
   (1) citizens of different States ...

2. Although Defendants' original motion sought dismissal of Counts I and II only, Defendants filed a supplemental motion to dismiss Count III for failure to state a cognizable claim.

3. Defendants' cite us to *Thorson v. State Farm Mut. Auto. Ins. Co.,* Civ.A. No. 91–5305, 1992 WL 6928 (E.D.Pa. Jan. 10, 1992), in support of their motion to dismiss Count I. In *Thorson,* the court held that the plaintiffs' under-insured coverage suit was premature because the amount of the plaintiffs' damages and the legal liability of the under-insured tortfeasor had not yet been established. Even if *Thorson* is on point in principle, it does not require a result different from the one reached here. The ripeness argument in *Thorson,* although raised by way of a motion for judgment on the pleadings, was ultimately addressed and resolved as if on motion for summary judgment.

tection Law ("UTPCPL"), PA.STAT.ANN. tit. 73, §§ 201, *et seq.*, the Unfair Insurance Practices Act ("UIPA"), PA.STAT.ANN. tit. 40, §§ 1171.1 *et seq.*, and the Unfair Claims Settlement Practices Regulations, 31 PA. CODE §§ 146 *et seq.*. In light of the Pennsylvania Supreme Court's decision in *D'Ambrosio v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 494 Pa. 501, 431 A.2d 966, 970 (1981), and the body of state and federal cases following thereafter, it is clear that there is no private cause of action under the UIPA or the Unfair Claims Settlement Practices Regulations. *See Leo v. State Farm Mut. Automobile Ins. Co.*, 908 F.Supp. 254 (E.D.Pa. 1995); *MacFarland v. U.S. Fidelity & Guarantee Co.*, 818 F.Supp. 108, 110 (E.D.Pa. 1993); *Lombardo v. State Farm Mut. Auto Ins. Co.*, 800 F.Supp. 208, 212 (E.D.Pa.1992); *Henry v. State Farm Ins. Co.*, 788 F.Supp. 241, 245 (E.D.Pa.1992); *Williams v. State Farm Mut. Auto Ins. Co.*, 763 F.Supp. 121, 124 (E.D.Pa.1991); *Romano v. Nationwide Mut. Fire Ins. Co.*, 435 Pa.Super. 545, 646 A.2d 1228, 1232 (1994); *Strutz v. State Farm Mut. Ins. Co.*, 415 Pa.Super. 371, 609 A.2d 569, 571 (1992), *appeal denied*, 532 Pa. 657, 615 A.2d 1313 (1992); *Gordon v. Pennsylvania Blue Shield*, 378 Pa.Super. 256, 548 A.2d 600, 603 (1988); *Hardy v. Pennock Ins. Agency, Inc.*, 365 Pa.Super. 206, 529 A.2d 471, 475, 478 (1987). Plaintiffs therefore cannot state a viable claim under the UIPA or the accompanying administrative regulations and they apparently concede as much.

Of more concern for present purposes is Plaintiff's claim under the UTPCPL. We must initially consider whether, in light of the UIPA's regulatory scheme, a private right of action against insurers is afforded under the UTPCPL or is preempted. Although this point has been disputed, the increasingly dominant view is that the UIPA is *not the exclusive* means of recourse against insurer misconduct and the UTPCPL *does* provide a private right of action under certain circumstances. *See Leo, supra*, 908 F.Supp. at 255–56; *MacFarland*, 818 F.Supp. at 108; *Lombardo*, 800 F.Supp. at 213; *Margolies v. State Farm Fire and Cas. Co.*, 810 F.Supp. 637, 642 (E.D.Pa.1992); *Henry*, 788 F.Supp. at 246 (citing *Thomson v. Allstate Ins. Co.*, No. 87–26666, slip. op.,

1988 WL 3857 (E.D.Pa.1988) and *Chamberlain v. State Farm Mut. Auto. Ins. Co.*, 1991 WL 108688 (E.D.Pa.1991)); *Sentry Ins. v. Stillman*, Civ.A. No. 90–2129, 1990 WL 96104 at *2 (E.D.Pa. July 5, 1990); *Gordon*, 378 Pa.Super. at 263–64, 548 A.2d at 603; *Hardy*, 365 Pa.Super. at 221, 529 A.2d at 479; *Pekular v. Eich*, 355 Pa.Super. 276, 289–90, 513 A.2d 427, 434 (1986), *appeal denied*, 516 Pa. 635, 533 A.2d 93 (1987). *But see Williams*, 763 F.Supp. at 124–25 (dismissing claim under UTPCPL on ground that UIPA offers the exclusive remedy for alleged improper or tortious conduct by an insurer); *Thorson v. State Farm Mut. Auto. Ins. Co.*, Civ.A. No. 91–5305, 1992 WL 6928 at *2 (E.D.Pa. Jan. 10, 1992) (dismissing UTPCPL claim).

▮ Nevertheless, "[w]hile a UTPCPL cause of action may be maintained even if the underlying conduct falls within the ambit of another statute, such as the UIPA, ... the UTPCPL provides relief for *misfeasance* rather than *nonfeasance*." *MacFarland*, 818 F.Supp. at 111 (citations omitted) (emphasis supplied). Misfeasance is the improper performance of a contractual obligation, while nonfeasance is the failure to perform a contractual duty. *Horowitz v. Federal Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995); *Gordon v. Pennsylvania Blue Shield*, 378 Pa.Super. at 263–64, 548 A.2d at 604. Several courts have recognized that the failure to pay insurance benefits under a policy constitutes nonfeasance and is not actionable under the UTPCPL. *See Horowitz*, 57 F.3d at 307; *Klinger v. State Farm Mut. Auto. Ins. Co.*, 895 F.Supp. 709, 717 (M.D.Pa.1995); *Parasco v. Pacific Indem. Co.*, 870 F.Supp. 644, 648 (E.D.Pa.1994); *MacFarland*, 818 F.Supp. at 111; *Lombardo*, 800 F.Supp. at 213; *Gordon*, 378 Pa.Super. at 263–64, 548 A.2d at 602–04.

Defendants argue that, because private rights of action predicated upon an insurer's refusal to pay a claim are not recognized under the UTPCPL, Plaintiffs have not stated a viable claim for relief in Count II. Plaintiffs contend that they have alleged more than mere nonfeasance. They maintain that the "Complaint alleges not only a failure to pay, but also *the failure to conduct a reasonable and prompt investigation, as well*

as the false accusation or implication that the Plaintiffs committed arson, and numerous other actions of the Defendants which constitute violations of the UIPA, Unfair Claims Settlement Regulations, and the UTPCPL." (Pls.' Br. in Opp. at 8 (emphasis in original).) We will address each of these allegations.

■ We first consider the averment that the Defendants failed to conduct a reasonable and prompt investigation. Plaintiffs rely on *Parasco v. Pacific Indem. Co.*, 870 F.Supp. 644 (E.D.Pa.1994), as a factually analogous case in which the complaint was found to state actionable misfeasance. In *Parasco*, the plaintiffs had alleged, inter alia, that the defendant insurance company had conducted a post-loss investigation in an unfair and nonobjective manner. 780 F.Supp. at 648. In the instant case, Plaintiffs allege only that Defendants failed to conduct a reasonable and prompt investigation. It is not clear whether Plaintiffs are stating that the post-loss investigation was performed improperly or was never performed. The allegation of improper performance would establish a cognizable basis for relief under the court's ruling in *Parasco;* however, the mere failure to investigate would be nonfeasance. Construing the complaint in Plaintiffs' favor, we will assume for the present that Plaintiffs are alleging that an improper post-loss investigation was performed. The accuracy of this allegation can be better addressed on summary judgment. For present purposes, this allegation establishes a viable UTPCPL claim.

■ With regard to Plaintiffs' averment that Defendants made false accusations of arson, we do not view this as a conceptually distinct violation but, rather, simply part and parcel of the Defendants' refusal to pay benefits. *See* Complaint ¶ 15 ("The Defendants breached the implied covenant of good faith and fair dealing under the policy by withholding benefits based upon the false accusation or implication ... that the Plaintiffs had committed arson."). This allegation does not state a viable claim of misfeasance under the UTPCPL.

■ We next address the allegations of "numerous other actions of Defendants which constitute violations of the UIPA, the Unfair Claims Settlement Regulations, and the UTPCPL. In considering these allegations, we must determine the extent to which, consistent with this Court's jurisdiction, Plaintiffs may assert UIPA violations as grounds for recovery under the UTPCPL. Of particular relevance is the decision of the United States District Court for the Eastern District of Pennsylvania in *Parasco v. Pacific Indem. Co., supra*. *Parasco* involved a UTPCPL claim against an insurer based upon both the Defendant's alleged wrongful activity and its alleged violation of the UIPA. The defendant sought to dismiss the UTPCPL claim insofar as it was premised upon violations of the UIPA. In analyzing this issue, the *Parasco* court reviewed various decisions of the Pennsylvania Superior Court. It first noted the case of *Hardy v. Pennock Ins. Agency, Inc.*, 365 Pa.Super. 206, 529 A.2d 471 (1987), which held that, in light of the administrative remedies available under the UIPA, the court was without jurisdiction to hear cases in which violations of UIPA had been alleged. 870 F.Supp. at 647.

The *Parasco* court also considered *Gordon v. Pennsylvania Blue Shield*, 378 Pa.Super. 256, 548 A.2d 600 (1988), wherein the Superior Court ruled that it lacked jurisdiction to hear cases in which the plaintiff indirectly alleged a violation of the UIPA by presenting the UIPA violation as a foundation for her UTPCPL claim. The *Gordon* court had reasoned that, because the determination of the UTPCPL claim would necessarily require an inquiry into whether there had been a UIPA violation, the UTPCPL claim was outside its jurisdiction. 378 Pa.Super. at 262–63, 548 A.2d at 603.

The *Parasco* court viewed the case before it as analogous to *Gordon* and ruled that, to the extent the Parascos alleged a violation of the UTPCPL by virtue of a UIPA violation, the UTPCPL claim would be dismissed. The *Parasco* court distinguished the case of *Romano v. Nationwide Mut. Fire Ins. Co.*, 435 Pa.Super. 545, 646 A.2d 1228 (1994), wherein the Superior Court held that, although the trial court lacked jurisdiction to impose sanc-

tions under the UIPA and insurance regulations, the trial court could still consider alleged violations of the UIPA in determining whether the defendants had violated Pennsylvania's "Bad Faith Statute," 42 PA. CONS.STAT.ANN. § 8371. In declining to follow *Romano,* the *Parasco* court noted that "the *Romano* court turned to the UIPA to resolve an ambiguity present in the Bad Faith Statute: the statute does not provide a definition of bad faith." 870 F.Supp. at 647. By contrast, the Parascos had not contended that resort to the UIPA was necessary to resolve an ambiguity in the UTPCPL. The *Parasco* court therefore concluded that it could not inquire as to whether a defendant has acted in violation of the UIPA." *Id.*

In another recent Eastern District case, the court applied the holding of *Romano* to a claim under the UTPCPL. In *Leo v. State Farm Mut. Auto. Ins. Co.,* Civ.A. No. 95–2953, 1995 WL 622792 at *2 (E.D.Pa. Oct. 17, 1995), the district court ruled that it could consider the standards of the UIPA in interpreting ambiguous provision of the UTPCPL. The *Leo* court distinguished *Parasco* on the ground that the Parasco plaintiffs had not argued that resort to the UIPA was warranted due to an ambiguity in the UTPCPL. The *Leo* court thus permitted the UTPCPL claim to stand to the extent that it invoked the UIPA as an aid to the interpretation of the UTPCPL. *Id.* at *3.

Upon careful review of the foregoing authorities, we find the instant case to be most analogous to *Parasco* and we will accordingly adopt the analysis in that decision. We note that in the present case, as in *Parasco,* Plaintiffs have made no assertion that reference to the UIPA is necessary in order to resolve an ambiguity in the UTPCPL. This case is therefore distinguishable from *Romano* and *Leo.* Plaintiff's UTPCPL claim will be dismissed for lack of subject matter jurisdiction to the extent that it is founded upon purported violations of the UIPA and accompanying administrative regulations.

■ Having concluded that the alleged violations of the UIPA and administrative regulations cannot serve as a basis for Plaintiffs' UTPCPL claim, we will review the remaining allegations. Complaint ¶ 28 asserts that Defendants committed following UTPCPL violations:

a. Failing to comply with the proper terms of the written guarantee or warrantee given at, prior to or after a contract for the purchase of services is made; and

b. Engaging in other fraudulent conduct which creates a likelihood of confusion or of misunderstanding.

Both of the foregoing are defined by the UTPCPL as "unfair methods of competition" and "unfair or deceptive acts or practices." *See* PA.STAT.ANN. tit. 73, § 201–2(4)(xiv) and (xvii). Accordingly, we find these allegations sufficient to withstand dismissal under Fed.R.Civ.P. 12(b)(6).

In sum, Defendants' motion to dismiss will be granted with respect to Count II only insofar as Plaintiffs have asserted claims premised directly or indirectly on the UIPA or administrative regulations promulgated thereunder. Defendants' motion will otherwise be denied.

### 3. *Bad Faith Claim*

■ In their Supplemental Motion to Dismiss, Defendants move for denial of Plaintiffs' third count as well. Count III asserts that Defendants have violated their contractual and statutory duties of good faith and fair dealing by acting in bad faith toward Plaintiffs, in violation of the implied covenant of good faith and fair dealing, and in specific violation of 42 PA. CONS.STAT.ANN. § 8371 (1995 Supp.).[4] Defendants move for dismissal of this claim on the same basis for which they seek dismissal of Count I—name-

---

4. Section 8371 provides:
In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
(2) Award punitive damages against the insurer.
(3) Assess court costs and attorney fees against the insurer.

ly, that the claim is not yet ripe because Plaintiffs' underlying insurance claim is still pending. We have already declined Defendants' request to dismiss on this basis and have ruled that the pendency vel non of Plaintiff's insurance claim is more appropriately resolved on summary judgment. Defendants' motion to dismiss Count III will be denied.

### 4. *Amount in Controversy*

■■■ Defendants next claim that Plaintiffs have failed to properly allege the requisite amount in controversy under 28 U.S.C. § 1332. That statute confers subject matter jurisdiction in diversity cases where the amount in controversy, exclusive of interest and costs, exceeds $50,000.00. In *St. Paul Mercury Indemn. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938), the Supreme Court set forth the standard for determining whether the requisite amount in controversy has adequately been alleged:

> The rule governing dismissal for want of jurisdiction in [diversity cases] ... is that ... the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.... But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*See also Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1045–46 (3d Cir.1993), *cert. denied sub nom. Upp v. Mellon Bank, N.A.,* 510 U.S. 964, 114 S.Ct. 440, 126 L.Ed.2d 373 (1993). When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied. *Packard,* 994 F.2d at 1046. When it appears that a punitive damages claim comprises the bulk of the amount in controversy and may have been colorably asserted solely or primarily for the purpose of conferring jurisdiction, that claim will be given particularly close scrutiny. *Packard,* 994 F.2d at 1046.

■■■ We have ruled that, at least for present purposes, Plaintiffs' first and third counts survive Defendants' motion to dismiss. Count I demands judgment in excess of $10,000; Count III seeks judgment in excess of $50,000, including punitive damages. In addition, Plaintiffs' Count IV has not been challenged. That count asserts a claim for common law fraud and deceit and requests damages in excess of $50,000, including an award of punitive damages. It is not entirely clear from the complaint what the exact amount of compensatory damages is alleged to be, only that it exceeds $10,000. The exact proportion of punitive to compensatory damages is similarly unclear. In any event, there is authority to suggest that, under Pennsylvania law, punitive damages need not bear a reasonable relationship to compensatory damages. *See Carlough v. Amchem Prod., Inc.,* 834 F.Supp. 1437, 1460–61 (E.D.Pa.1993); *Fine v. State Farm Fire & Cas. Co.,* No. Civ.A. 93–1618, 1993 WL 196888 at *1 (E.D.Pa. June 11, 1993) (citing *Kirkbride v. Lisbon Contractors, Inc.,* 521 Pa. 97, 555 A.2d 800 (1989)). *See also, TXO Prod. Corp. v. Alliance Resources Corp.,* 509 U.S. 443, 113 S.Ct. 2711, 125 L.Ed.2d 366 (1993) (upholding punitive damages award in an amount 526 times greater than underlying compensatory damages award).

In sum, we cannot say to a legal certainty that Plaintiffs will be unable to recover an amount in excess of $50,000 in this case, nor can we conclude that the demand was made other than in good faith.

## IV. *CONCLUSION*

Based upon the foregoing reasons, Defendants' motion to dismiss will be granted with respect to Count II only to the extent that Plaintiffs have asserted claims based directly or indirectly on the UIPA and accompanying administrative regulations. Defendants' motion will be denied in all other respects.

An appropriate order follows.

624

### ORDER

AND NOW, this 20 day of February, 1996, for the reasons stated in the accompanying Memorandum Opinion, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [Doc. No. 4] is GRANTED in part and DENIED in part as follows:

1. Said motion is GRANTED with respect to Plaintiffs' Count II to the extent that Plaintiffs assert claims premised directly or indirectly on alleged violations of the Unfair Insurance Practices Act, PA.STAT.ANN. tit. 40, §§ 1171.1 *et seq.* (1992), and the Unfair Claims Settlement Practices Regulations, 31 PA.CODE §§ 146.1 *et seq.*.

2. Said motion is DENIED in all other respects.

IT IS FURTHER ORDERED that Defendants' Supplemental Motion to Dismiss [Doc. No. 8] is DENIED.