NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3097
_____

STEVEN LEBOON,
                              Appellant
v.

SCOTTRADE, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-18-cv-00002
Honorable Paul S. Diamond, District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
June 11, 2019

BEFORE:  HARDIMAN, PORTER, and COWEN, Circuit Judges

(Filed: August 20, 2019)
_____

OPINION*
_____

COWEN, Circuit Judge.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Steven LeBoon appeals from the judgment of the District Court for the Eastern District of Pennsylvania granting Scottrade, Inc.'s motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) as well as from the District Court's subsequent order denying his second motion to vacate the dismissal order pursuant to Federal Rule of Civil Procedure 60(b). We will affirm.

I.

LeBoon filed the instant action against Scottrade in a Pennsylvania state court seeking damages for breach of contract, negligence, gross negligence, gross negligence, "conspira[c]y, aiding and abetting" (SA8 (emphasis omitted)), and for violating the "Privacy of Consumer Financial Information Rule" (SA10 (emphasis omitted)).

According to his complaint, LeBoon and his spouse opened a brokerage account with Scottrade. LeBoon "is a defendant in litigation involving Richard George Schmidt, M.D. ('Dr. Schmidt') in the Bucks County Court of Common Pleas (Docket No. 2013-0951) and the Superior Court of Pennsylvania (Docket No. 50 EDA 2017) (collectively, the 'Schmidt Litigation')."[1] (SA3.) On or about April 10, 2017, Dr. Schmidt's counsel (Lawrence M. Silverman, Esq.) "served one or more subpoenas and notice of deposition [scheduled for May 12, 2017] to the Custodian of Records at Scottrade's [Philadelphia] office." (Id.) On or about April 13, 2017, LeBoon "served Scottrade's Legal Department and the Custodian of Records with notice of his objections to the subpoena," and the May

---

[1] LeBoon has been acting pro se in the Schmidt Litigation. However, he has always been represented by counsel in this federal action. LeBoon is a serial litigant in both the federal and state courts.

12, 2017 deposition was cancelled. (SA3-SA4.) Silverman amended his subpoena on or about May 17, 2017, the amended subpoena was e-mailed to Ryan Barke, Esquire (Scottrade's General Counsel), and the oral deposition was rescheduled for May 18, 2017. "Due to lack of response from Mr. Barke, Mr. LeBoon filed, on or about May 13, 2017, objections to the amended subpoenas in the Schmidt Litigation," which were sent by e-mail to Barke (who acknowledged receipt) and in person to Scottrade's Hatfield, Pennsylvania office. (SA4 (citing SA47-SA67).) According to LeBoon, "Scottrade ignored Mr. LeBoon's objections and harmed Mr. LeBoon and Mrs. LeBoon by engaging in unlawful practices and attending the oral deposition on May 18, 2017 (where Mr. LeBoon was not present [due to his belief that he had filed the necessary protections under state law]), thereby exposing Mr. LeBoon's private banking records." (Id.)

After removing LeBoon's action to the District Court, Scottrade moved to dismiss for failure to state a claim under Rule 12(b)(6). Concluding that LeBoon "has not remotely pleaded viable causes of action" (A15), the District Court granted the motion and dismissed the complaint with prejudice. It also denied as moot LeBoon's pending motion to compel the oral deposition of Scottrade's Custodian of Records and the production of document requests as well as for sanctions. The District Court subsequently denied LeBoon's motion to vacate pursuant to Rule 60(b) on the grounds of unintelligibility. LeBoon filed a second Rule 60(b) motion to vacate, which the District Court also denied as unintelligible.

II.

3

In his rather meandering and "scattershot" appellate briefing, LeBoon attacks the District Court's rulings against him on a number of different grounds. We conclude that the District Court committed no reversible error in granting Scottrade's motion to dismiss and in denying LeBoon's second motion to vacate.[2]

---

[2] The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over an order granting a motion to dismiss under Rule 12(b)(6). See, e.g., Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010). Although we accept the factual allegations and the reasonable inferences that can be drawn from them as true, legal conclusions and mere recitations of the elements of the cause of action must be set aside. See, e.g., id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In short, the plaintiff must allege factual content allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). A court may consider documents attached to the complaint as well as matters of public record without converting the motion to dismiss into a summary judgment motion. See, e.g., Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196-97 (3d Cir. 1993).

Rule 60(b) motions are reviewed under an abuse of discretion standard. See, e.g., Brown v. Philadelphia Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003). A district court abuses its discretion if its decision rests upon a clearly erroneous factual finding, an errant legal conclusion, or an improper application of law to fact. See, e.g., Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc).

In his notice of appeal, LeBoon purports to appeal from the standing order governing pretrial issues like discovery. However, he does not identify any error in the standing order and instead asserts that the District Court committed reversible error by granting the motion to dismiss even though the parties were still engaged in discovery pursuant to this order. The District Court appropriately disposed of this case on Rule 12(b)(6) grounds even though discovery had yet to be completed (and thereby properly denied LeBoon's discovery motion as moot). See, e.g., Iqbal, 556 U.S. at 686 (indicating that party who fails to plead claim upon which relief can be granted is not entitled to discovery). Scottrade also is correct that LeBoon repeatedly makes "factual assertions without citation to the record." (Appellee's Brief at 11.) See, e.g., 3d Cir. Local Rule

4

As the District Court recognized, LeBoon's account agreement (which was attached to his complaint) included two provisions stating that Scottrade would comply with a subpoena or a court order. (See SA23 ("If we are served with a subpoena, restraining order, writ of attachment or execution, levy, garnishment, search warrant, or similar order relating to your account (termed 'legal action' in this section), we will comply with that legal action."), SA26 ("We will disclose information to third parties about your account or the transfers you make: . . . C) in order to comply with government agency or court orders.").)

Admittedly, it appears that other financial institutions did not comply with the subpoenas they had received, the Schmidt Litigation against the LeBoons remains open, and LeBoon filed objections to the amended subpoena in the state trial court. However, LeBoon and his wife had previously filed with the Pennsylvania Superior Court a joint application to quash/strike Schmidt's allegedly defective third-party subpoenas as well as the depositions scheduled for May 12, 2017.[3] The Pennsylvania Superior Court denied their application for relief on May 3, 2017. Furthermore, the District Court appropriately observed that the discovery procedures cited by LeBoon do not apply to a subpoena governed by Pennsylvania Rule of Civil Procedure 234.1 (which is applicable to a

28.3(c) ("All assertions of fact in briefs must be supported by a specific reference to the record."). To give just one example, he asserts that "[t]he explanation from the [Bucks County Court of Common Pleas] Clerk's Office was that the Schmidt case file [i.e., the LeBoons' objections to the subpoena] could not be provided to the court for a decision due to the non-response from the Plaintiff in the Schmidt case." (Appellant's Brief at 9.) However, LeBoon cites nothing to support this assertion.

[3] The LeBoons filed their application to quash/strike with the state appellate court even though it had already denied two emergency applications for a stay/protective order during the pendency of their appeals.

subpoena to a non-party to testify and produce documents at a deposition).  See, e.g., Pa. R. Civ. P. 234.1 note ("See Discovery Rule 4009.1 et seq. for a request upon a party and a subpoena upon a person not a party for the production of documents and things other than a deposition or a trial.  The twenty-day notice requirement of Rule 4009.21(a) is not applicable to a subpoena under Rule 234.1 in connection with a deposition.").  The District Court likewise was correct to conclude that, "[a]lthough LeBoon alleges that the [Bucks County Court of Common Pleas] Office of Prothonotary's response indicates that the subpoena may have been illegitimate, he has redacted the vast majority of the letter attached to the Complaint, thus making it incomprehensible."  (A13 (citing SA5, SA78).)

LeBoon discusses in some detail Silverman's alleged misuse of the subpoena process and of the records obtained from Scottrade as well as a deposition exchange in which Dr. Schmidt and Silverman purportedly acknowledged that he had suffered no damages as required to make out a claim of wrongful use of civil proceedings under Pennsylvania law.  However, LeBoon did not plausibly allege that Scottrade participated in (or even was aware of) this alleged misconduct when it complied with the subpoena.  As LeBoon repeatedly points out in his appellate briefing, Dr. Schmidt's lawsuit against him and his wife is still pending.  In the objections the LeBoons filed with the state trial court (which they attached to the complaint in this action), they predicted that the chance of the Schmidt Litigation "surviving the final appeals and being remanded back to the trial for further proceedings are 0% due to the sworn testimony of the Plaintiff Dr. Richard G. Schmidt, MD and the full removal of ALL damages that was testified on September 8, 2014" (SA52) and that "[t]he Pennsylvania Court and the New PA State of

6

Attorney General Office will review and see these crimes committed by the attorney and plaintiff" (SA53). However, the Pennsylvania Superior Court affirmed the state trial court's order insofar as it granted Dr. Schmidt's motion for sanctions on account of the LeBoons' egregious discovery delays (and quashed the LeBoons' other appeals). Schmidt v. LeBoon, No. 50 EDA 2017, No. 55 EDA 2017, 2017 WL 6331181, at *1-*5 (Pa. Super. Ct. Dec. 12, 2017) (non-precedential decision), appeal denied, 196 A.3d 617 (Pa. 2018) (per curiam). Silverman was awarded $2,500.00 for expenses, id. at *2, the LeBoons were barred "from presenting any evidence in opposition to Dr. Schmidt's claims," and their defenses were stricken, id. at *4 (footnote omitted).

LeBoon cites to a prior Pennsylvania Superior Court decision in the Schmidt Litigation addressing marital privileges. (See, e.g., Appellant's Brief at 9-10 ("Because the LeBoons have successfully argued in the past under 42 Pa. C.S.A. § 5923 and 42 Pa. C.S.A. § 5924 (protections for the LeBoons due to the extraordinary marital privileges) with the Pennsylvania Superior Court, the LeBoons and Mr. Silverman know first-hand that the trial court would rule on behalf of the LeBoons because their privacy is protected by those statutes.").) However, the Pennsylvania Superior Court actually upheld the state trial court's order directing the LeBoons to respond to Dr. Schmidt's interrogatories and document requests as well as granting Dr. Schmidt's motions to compel the LeBoons' depositions. Schmidt v. LeBoon, No. 3484 EDA 2014, 2015 WL 6951677, at *6-*7 (Pa. Super. Ct. Nov. 9, 2015) (non-precedential decision). It explained that "[a] communication does not qualify as a confidential communication when it has been divulged to a third party," id. at *6 (citing Commonwealth v. G.Y., 63 A.3d 259, 267 (Pa.

7

Super. Ct. 2013)), and that "the testimonial privilege requires that the spouse must be called upon to testify against the other for it to apply," id. at *7 (further noting that LeBoons cannot assert blanket privilege precluding Dr. Schmidt from questioning them).

Accordingly, the District Court properly disposed of the breach of contract claim because the account agreement "includes Scottrade's acknowledgement that it will fulfill its legal obligations to comply with a subpoena or court order." (A15-A16.) LeBoon does not challenge on appeal the District Court's determination that the gist of the action doctrine barred his negligence claim, and he conceded below that gross negligence is not a separate cause of action under Pennsylvania law. We also agree with the District Court that LeBoon cannot proceed with his civil conspiracy claim given the absence of any underlying cause of action for breach of contract or negligence. See, e.g., Goldstein v. Phillip Morris, Inc., 854 A.2d 585, 590 (Pa. Super. Ct. 2004) (stating that plaintiff must plead or develop separate underlying intentional or criminal act that can support civil conspiracy claim and that strict liability and negligence are insufficient to support such claim). Finally, the Pennsylvania insurance regulation evidently invoked by LeBoon (see 31 Pa. Code § 146a.1) does not "create private causes of action." (A19 (citing Smith v. Nationwide Mut. Fire Ins. Co., 935 F. Supp. 616, 620 (W.D. Pa. 1996); Leo v. State Farm Mut. Auto. Ins. Co., 908 F. Supp. 254, 256 (E.D. Pa. 1995)).)

### III.

For the foregoing reasons, we will affirm the judgment granting Scottrade's motion to dismiss as well as the order denying the second motion to vacate filed by LeBoon.

8